IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00844-REB-BNB

KIM CONNOR ANDREWS,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the defendant's **Motion to Dismiss Plaintiff's Complaint** [Doc. # 14, filed 7/19/06] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II. BACKGROUND

The plaintiff filed a Title VII Complaint (the "Complaint") on May 3, 2006. The plaintiff is suing her employer, The Geo Group, Inc. *Complaint*, p. 1. She asserts that she was discriminated against based on her race, color, sex, and "ADA." Id. at p. 2. She further asserts

that she was demoted and that the defendant "took away" a permanent position for which she had applied. Id.

The plaintiff's First Claim for Relief states "failure to accomodate [sic] medical." Id. at p. 3. Her Second Claim for Relief states:

1. My position taken away after filing first CRD complaint
2. Retaliation
3. Harassment

Id. at p. 4. The Third Claim for Relief states "(1) monetary payment for taking my permanent position (2) harassment." Id. at p. 5. The Request for Relief states "Payment for medical expenses" "Monetary payment for financial loss" and "Monetary payment for harassment." Id. at p. 6.

Attached to the Complaint is a copy of a Charge of Discrimination dated September 10, 2004. Id. at first attachment. The Charge of Discrimination alleges that on or about March 15, 2004, The Geo Group, Inc., discriminated against the plaintiff based on her disability as follows:

> I believe I was unlawfully discriminated against because[] of my disability in violation of Colorado's anti-discrimination laws and the Americans with Disabilities Act (ADA). 1) I was notified on March 8, 2004 that the Respondent discovered active cases of Chickenpox at the facility and the building was quarantined, 2) Because of my disability, lupus, and the medication I take, my having been exposed to Chickenpox made it necessary for me to remain off work until the quarantine was lifted. I was placed on leave without pay. 3) Co-workers, Celia Ramirez and Mr. Walters received worker's compensation and were taken to Concentra right away. I was not given those benefits. 4) I believe I was treated disparately because of my disability.

Id.

Also attached to the Complaint is a Dismissal and Notice of Rights wherein the Equal Employment Opportunity Commission ("EEOC) states that it "adopted the findings of the state or local fair employment practices agency that investigated this charge." Id. at second attachment. The Dismissal and Notice of Rights provides the plaintiff with notice of her right to file a lawsuit. Id.

### III.  ANALYSIS

#### A.  Lack of Subject Matter Jurisdiction

The defendant asserts that this court lacks subject matter jurisdiction over any type of Title VII discrimination claim or any type of retaliation claim because the plaintiff only exhausted her administrative remedies as to a disability discrimination claim. The defendant presents a factual challenge to subject matter jurisdiction. Therefore, I do not presume the truthfulness of the factual allegations in the Complaint. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing an action in federal court under both Title VII and the Americans with Disabilities Act ("ADA"). Woodman v. Runyan, 132 F.3d 1330, 1341 (10th Cir. 1997); 42 U.S.C. § 12117(a); Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1309 (10th Cir. 2005) (stating that "Title I of the ADA, which prohibits employment discrimination on the basis of disability, explicitly incorporates the powers, remedies, and procedures of Title VII, making clear that the procedural requirements of those two provisions must be construed identically").

To exhaust administrative remedies, a putative plaintiff must present her claim to the EEOC in a timely-filed charge of discrimination for which she receives a right-to-sue letter. Simms v. Oklahoma ex. rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321,

4

1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). "Each discrete incident of [discriminatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." <u>Martinez v. Potter</u>, 347 f.3d 1208, 1210 (10th Cir. 2003).

"The party seeking to invoke the jurisdiction of a federal court must prove that the case is within the court's subject matter." <u>Henry v. Office of Thrift Supervision</u>, 43 F.3d 507, 512 (10th Cir. 1994). The plaintiff does not provide any argument or evidence to support subject matter jurisdiction for any discrimination claim under Title VII or any claim of retaliation under Title VII or the ADA. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of all Title VII claims and all claims of retaliation under Title VII and the ADA for lack of subject matter jurisdiction.

### B.  Failure to State a Claim Upon Which Relief Can be Granted

The plaintiff's remaining claim is one for disability discrimination in violation of the ADA. The defendant asserts that the plaintiff fails to state a claim upon which relief can be granted because she does not plead the elements of a *prima facie* claim for disability discrimination.

In support of its assertion that the plaintiff must plead the elements of a *prima facie* case in order to survive a motion to dismiss, the defendant cites <u>Barcikowski v. Sun Microsystems, Inc.</u>, 420 F.Supp.2d 1163, 1181 (D.Colo. 2006) and <u>Mathews v. Denver Post</u>, 263 F.3d 1164, 1167 (10th Cir. 2001). *Motion*, p. 6. These cases address the plaintiff's burden to establish a *prima facie* case in response to a summary judgment motion. These cases do not impose a heightened pleading standard upon a Title VII plaintiff. To the contrary, as the United States Supreme Court has stated:

> The prima facie case under <u>McDonnell Douglas</u> . . . is an evidentiary standard, not a pleading requirement. In <u>McDonnell Douglas</u>, this Court made clear that the critical issue before us

5

>concerned the order and allocation *of proof* in a private, non-class
>action challenging employment discrimination. In subsequent cases,
>this Court has reiterated that the prima facie case relates to the
>employee's burden of presenting evidence that raises an inference
>of discrimination. . . .
>
>This Court has never indicated that the requirements for
>establishing a prima facie case under McDonnell Douglas also apply
>to the pleading standard that plaintiffs must satisfy in order to
>survive a motion to dismiss. For instance, we have rejected the
>argument that a Title VII complaint requires greater particularity
>because this would too narrowly constrict the role of pleadings.

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002) (emphasis in original) (internal quotations and citations omitted).

The Court went on to state that it would be inappropriate to require a plaintiff to plead facts establishing a *prima facie* case because (1) the McDonnell Douglas framework does not apply in every employment discrimination case; (2) the requirements of a *prima facie* case can vary depending on the context of the case; (3) it may be "difficult to define the precise formulation of the required prima facie case" prior to discovery; and (4) a heightened pleading standard would conflict with the Federal Rules of Civil Procedure. Id. at 512-14.

Accordingly, the plaintiff's Complaint need only contain, in addition to the jurisdictional grounds, "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957).

The Complaint, although not a model of clarity, asserts that the defendant discriminated against the plaintiff based on her disability. Complaint, p. 2. These allegations are sufficient to provide notice to the defendant that the plaintiff is asserting a claim against it under the ADA.

6

The defendant may through discovery seek to obtain more detail concerning the plaintiff's claim. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of the plaintiff's claim for disability discrimination under the ADA.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART as follows:

GRANTED insofar as it seeks dismissal of all Title VII claims and all claims of retaliation under Title VII and the ADA for lack of subject matter jurisdiction; and

DENIED to the extent it seeks dismissal of the plaintiff's claim for disability discrimination under the ADA.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 9, 2007.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge