**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 06-cv-00844-REB-BNB

KIM CONNOR ANDREWS,

      Plaintiff,

vs.

THE GEO GROUP, INC.

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that (1) may be entitled to confidential treatment under the Privacy Act, 5 U.S.C. § 552a; (2) may otherwise intrude on the privacy interests of third parties; or (3) which will improperly annoy, embarrass, or oppress any party, witness, third party, or person providing discovery in this case,

IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal

-1-

Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ.

P. 34(a).  A draft or non-identical copy is a separate document within the meaning

of this term.

3.    Documents, material and information designated "CONFIDENTIAL" shall be

documents, material and information that is confidential or implicates common law

or statutory privacy interests, including confidential or private medical and/or mental

health information, financial or tax information, information on discipline or

termination from employment, information relating to the design or security of

Defendant's facility, information on detainees, information contained in personnel

files, or arrest and criminal records information of (a) Plaintiff, and; (b) Defendant

and current or former employees of the Defendant; and (c) all third parties to this

action.  Confidential information shall not be disclosed or used for any purpose

except the preparation and trial of this case, and except as authorized by the strict

terms of this Protective Order.

4.    The parties note that some confidential and/or private information may have been

previously disclosed or produced, or discovered informally in this case.  The parties

shall have twenty (20) business days after the Court issues this Proposed

Protective Order to specifically identify and designate, in writing, by description and

by Bates number, if available, all previously disclosed, produced, and/or discovered

CONFIDENTIAL information.  During this twenty (20) business day period, all

information that has been previously disclosed or produced, or discovered

informally or through deposition in this case, shall be presumed to be CONFIDENTIAL information. Any such information that has not been identified and designated, in writing, as CONFIDENTIAL information at the expiration of this twenty (20) business day period shall lose its presumptive characterization as CONFIDENTIAL information. Furthermore, medical and mental health information, financial and tax information, personnel information, and arrest and criminal record information regarding Plaintiff, that Defendant has obtained solely from third parties, based on the signing by Plaintiff of a document authorizing the release of such information, shall be deemed CONFIDENTIAL and subject to this Protective Order.

5.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

> (a) attorneys actively working on this case and attorneys employed by Defendant;

> (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

> (c) the parties, including employees of Defendant and members of the family of Plaintiff;

> (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial

or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and such person must agree to be bound by its provisions.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or as designated pursuant to paragraph 4 above.

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, or within thirty (30) days after entry of this Order, whichever is later.

9.     A party may object to the designation of particular CONFIDENTIAL information by

giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within 20 business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.   Should the parties desire to submit to the Court any CONFIDENTIAL information (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed under seal with the Clerk of the Court in accordance with D.C.COLO.LCivR 7.2 and 7.3. ~~or any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.~~

11.   At the conclusion of this case and any possible appeal, unless other arrangements

are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be retained in a secure location by the possessing counsel for a period of three (3) years, and continue to be subject to the terms of this Order, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide opposing counsel with an affidavit confirming the destruction. If the CONFIDENTIAL documents have not already been destroyed prior to the conclusion of the three (3) year period pursuant to the parties' agreement, the possessing counsel shall, after the three (3) year period, destroy the CONFIDENTIAL documents and provide opposing counsel with an affidavit confirming the destruction. The parties shall have a two-month grace period following the three (3) year period to destroy the CONFIDENTIAL documents and provide opposing counsel with an affidavit confirming the destruction, if needed.

12. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

13. By executing this Stipulated Protective Order, neither party waives any objection he or it may have to producing any document or information during disclosure or discovery.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED May 10, 2007, at Denver, Colorado.

BY THE COURT:

-6-

 s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

s/Nelson Alston _____          s/David R. DeMuro _____

|  |  |
|---|---|
| | David R. DeMuro, Esq. |
| Nelson Alston, Esq. | Lana L. Steven, Esq. |
| Attorney for Plaintiff | Attorneys for Defendant |
| 621 17th Street, Suite 801 | 1660 Lincoln Street, Suite 2800 |
| Denver, CO 80202 | Denver, CO 80264 |
| Telephone:  (303) 298-1454 | Telephone:  (303) 837-9200 |
| E-mail: nalston@alstonlawfirmllc.com | E-mail: lsteven@vaughandemuro.com |