IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00844-REB-BNB

KIM CONNOR ANDREWS,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

## ORDER RE: MOTION FOR REVIEW OF TAXATION OF COSTS

**Blackburn, J.**

    This matter is before me on the defendants' **Motion for Review of Taxation of Costs** [#91], filed November 12, 2007. I grant the motion in part and deny it in part.

    Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by § 1920. *English v. Colorado Department of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001); *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. *See U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), ***overruled on other grounds as recognized by Anixter v. Home-Stake Products***

*Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996).

I granted the defendant's motion for summary judgment in this case, and, thus, the defendant is entitled to costs as the prevailing party. The Clerk of the Court taxed costs [#90], filed November 6, 2007, in the amount of 2,084.83 dollars, which represents 21.20 dollars for printing and copies and 2,063.23 dollars for fees for court reporters and transcripts. The Clerk ruled that the defendant was entitled to costs for printing and photocopies only for documents actually attached to the defendant's motion for summary judgment. The defendant argues in its present motion that it is entitled to an additional 2,170.55 dollars as fees and disbursements for printing and an additional 296.00 dollars for exemplification and copies of papers. Although the standard applied by the Clerk may be "narrower than section 1920" requires, it is not necessarily an abuse of discretion to employ such a measure of costs. **Merrick v. Northern Natural Gas Co., Division of Enron Corp.**, 911 F.2d 426, 434 (10th Cir. 1990); **Hernandez v. George**, 793 F.2d 264, 268-69 (10th Cir. 1986). Moreover, "[t]he most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." **U.S. Industries, Inc**., 854 F.2d at 1246.

Exhibit 3 to the defendant's motion is a set of tables outlining the costs sought by the defendant. The defendant adequately describes in its motion and reply how the copies and the Bates numbering of various documents, as outlined in table one, necessarily were obtained for use in this case. With regard to Bates numbering, I note that Magistrate Judge Boland required Bates numbering of certain voluminous documents in this case. In this circumstance, there can be no doubt that Bates numbering of these documents was necessary. The defendant also has described adequately how the copies of documents outlined in table one necessarily were

2

obtained for use in the case. These costs, therefore, are recoverable. *See Mitchell v. City of Moore*, 218 F.32d 1190, 1204-05 (10th Cir. 2000). I note, however, that the defendant has agreed to withdraw its request for copying charges incurred for the preparation of a fifth notebook for trial. *Reply* [#98], filed December 3, 2007, p. 4. The copying charge for this notebook was 162.23 dollars. With this deduction, the defendant is entitled to an award of 2,170.55 dollars for costs outlined in table one.

Table two outlines costs sought by the defendant for exemplification and copies of papers. Several entries on table two concern additional copies of certain deposition transcripts [4/16/07; 6/7/07; 6/18/07; 7/10/07; 7/1907; 8/8/07]. Nothing in the defendant's motion or reply shows that these additional copies were obtained necessarily for use in the case. The cost of these copies, 50.50 dollars, is not recoverable as costs. I conclude also that the defendant has not shown that the copies of documents and cases for oral argument shown on table two [8/8/07] were obtained necessarily for use in the case. These copies fall in the category of attorney convenience rather than necessity. The cost of these copies, 14.20 dollars, is not recoverable as costs. Finally, the plaintiff has challenged the charge for copies of plaintiff's medical records, as shown in table two [9/25/07] as unnecessarily duplicative of the copies of medical records shown in table one. Although the charge is small, 4.00 dollars, I conclude that the defendant has not shown that these copies were obtained necessarily for use in the case. With regard to the other costs outlined in table two, I conclude that the defendant has demonstrated adequately that these costs for exemplification and copies were for copies obtained necessarily for use in this case. With the deductions outlined above, the defendant is entitled to an award of 227.30 dollars for costs outlined in table two.

**THEREFORE, IT IS ORDERED** as follows;

1. That the defendant's **Motion for Review of Taxation of Costs** [#91], filed November 12, 2007, is **GRANTED IN PART**:

    a. That under 28 U.S.C. § 1920, the defendant is awarded additional costs of 2,397.85 dollars; and

    b. That the defendant's **Motion for Review of Taxation of Costs** [#91], filed November 12, 2007, is **DENIED** otherwise.

Dated September 2, 2008, at Denver, Colorado.

                                **BY THE COURT:**

                                **s/ Robert E. Blackburn**
                                **Robert E. Blackburn**
                                **United States District Judge**